UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WADE PATTERSON, | No. C 07-1104 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| STATE OF CALIFORNIA, | |
| Respondent. | |

Jeffrey Wade Patterson has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge a requirement that he register as a sex offender, claiming that the registration requirement violates his rights under the Ex Post Facto Clause, the Double Jeopardy Clause, and the Due Process Clause of the U.S. Constitution. He alleges that he pled no contest and was convicted of misdemeanor indecent exposure in 1982 in Santa Clara County Municipal Court and was given a suspended sentence of two years of informal probation and required to register as a sex offender for two years. He allegedly completed that sentence in 1984. At the time he filed this action, Patterson was in prison serving a sentence on a drug offense. During the unrelated criminal case against him, he was informed that he once again must register as a sex offender and must do so for the rest of his life under California Penal Code § 290. Patterson does not allege that he failed to register or that he has been arrested or convicted for failing to register.

The federal writ of habeas corpus is only available to persons "in custody" for the conviction or sentence under attack at the time the petition is filed. See 28 U.S.C. §§ 2241(c), 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989). This requirement is jurisdictional.

See Carafas v. LaValle, 391 U.S. 234, 238 (1968). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. See Maleng, 490 U.S. at 492. The custody requirement does not require that a prisoner be physically confined. Id. at 491. Thus, for example, a petitioner who is on parole at the time of filing is considered to be in custody, see Jones v. Cunningham, 371 U.S. 236, 241-43 (1963), as is a petitioner on probation, see Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005), and a petitioner released on his own recognizance, see Justices of Boston Municipal Court v. Lydon, 466 U.S. 294, 301-02 (1984) (pending retrial). Custody requires a significant restraint on the petitioner's liberty.

"[M]erely being subject to a sex offender registry requirement does not satisfy the 'in custody' requirement after the original [sex offense] conviction has expired." Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001); see also McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon sex offender registration law does not place sufficient restraints on convicts to constitute custody); Henry v. Lungren, 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California law which requires convicted sex offenders to annually register with state authorities does not constitute severe, immediate restraint on physical liberty sufficient to constitute custody). When, on the other hand, a petitioner is incarcerated for failing to comply with a sex offender registration statute, the petitioner is "in custody" for purposes of challenging an earlier, expired sex offense conviction that was a necessary predicate to the failure-to-register charge. Zichko, 247 F.3d at 1019-20.

Here, Patterson was not in custody for the challenge he asserts at the time he filed this action. The fact that Patterson is subject to a sex offender registration requirement does not establish custody. Although he was in prison at the time he filed this action, that incarceration did not satisfy the custody requirement for the present petition because the incarceration was for a crime unrelated to the sex offender registration requirement. Patterson was in prison because of drug offenses, not because he failed to register as a sex offender. His petition in Patterson v. Mendoza-Powers , C 07-1580 SI, identified his current convictions as being for violations of

2

California Health & Safety Code §§ 11375(b) and 11378. Although Patterson alleges in the present case that he was "re-sentenced" recently to register as a sex offender, it appears that he simply was informed of the duty to register. If he wants to contend that part of his sentence in his drug offense case was to register as a sex offender, he should assert that claim by amending his petition in Case No. C 07-1580 SI to avoid running afoul of the rule prohibiting multiple habeas petitions challenging a single sentence/conviction.

For the foregoing reasons, this action is dismissed for lack of jurisdiction. The clerk shall close the file.

IT IS SO ORDERED.

DATED: September 4, 2007

SUSAN ILLSTON
United States District Judge